UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,

       - against -                **MEMORANDUM AND ORDER**

                                     S2 16 Cr. 505-06 (NRB)

ANTWONE WASHINGTON,

           Defendant.
------------------------------------X

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

      Defendant Antwone Washington was sentenced on June 12, 2018 to 66 months' imprisonment following a guilty plea to conspiracy to commit sex trafficking of minors, in violation of 18 U.S.C. §§ 1591(a), (b)(2), 1594(c).  Mr. Washington now moves pro se for compassionate release from FCI Schuylkill, citing the unique risks posed by COVID-19 within the prison environment and his obesity. Given that he is expected to be released to a halfway home on May 18, 2021, he requests a release to home confinement.  For the following reasons, the application is denied.

      Mr. Washington moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which permits a court to "reduce the term of imprisonment" if, after considering the factors set forth in 18 U.S.C. § 3553(a), "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3553(c)(1)(A).  A

court may reduce a defendant's sentence under Section 3582(c)(1)(A)(i) only "upon motion of the Director of the Bureau of Prisons" or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3553(c)(1)(A).[1] While Mr. Washington's motion for compassionate release is brought pro se and is therefore to "be construed liberally and interpreted to raise the strongest arguments [it] suggest[s]," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006), Mr. Washington nevertheless bears the burden of demonstrating that his release is justified under Section 3582(c)(1)(A), see United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992). Because he has failed to do so, his motion is denied.

Mr. Washington is 29 years old. Though his presentence report identifies his overall physical health as "good," ECF No. 111 at 19, he describes himself as obese, standing at six feet and one inch tall and weighing 275 pounds.[2] The Centers for Disease

---

[1] The Warden at FCI Schuylkill denied Mr. Washington's request for home confinement on January 12, 2021. ECF No. 218 at 2.

[2] Mr. Washington's concern with his weight appears recent, as at the time of his sentencing he weighed only 240 pounds. ECF No. 111 at 19.

Control and Prevention ("CDC") explain that obesity increases the risk of experiencing severe illness from COVID-19.  See People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated March 29, 2021).  However, as of April 2, 2021, the Bureau of Prisons website indicates that only six inmates and zero staff at FCI Schuylkill presently have COVID-19.  This is hardly the "outbreak" that Mr. Washington describes in his submission of February 18, 2021.

In any event, even if Mr. Washington had demonstrated extraordinary and compelling reasons to support his release, the application of the factors set forth in 18 U.S.C. § 3553(a) counsels against release.  Those factors include "the nature and circumstances of the offense," as well as the need "to protect the public from further crimes of the defendant."  See 18 U.S.C. § 3553(a)(1), (a)(2)(C).  The offenses for which Mr. Washington is incarcerated arose from his affiliation with the so-called Snow Gang, whose members engaged in violent criminal activities, including the sex trafficking of young women, in which Mr. Washington was actively involved.

The Court accordingly denies Mr. Washington's motion. Because Mr. Washington has not made a substantial showing of a

denial of a federal right, a certificate of appealability will not issue.  Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013).  Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith.  Coppedge v. United States, 369 U.S. 438, 444 (1962).

**SO ORDERED.**

Dated:    New York, New York
          April 5, 2021

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

<u>Defendant (pro se)</u>
Antwone Washington

A copy of the foregoing Memorandum and Order has been mailed to:

Antwone Washington, #31691-171
Federal Correctional Institution, Schuylkill
P.O. Box 759
Minersville, PA 17954-0759